**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DEBRA POPE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **No. 06-2130-KHV** |
| ) | |
| **BOY SCOUTS OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Debra Pope brings suit against Boy Scouts of America, alleging employment discrimination, harassment and retaliation based on race.[1]  This matter comes before the Court on Defendant's Motion To Dismiss (Doc. #5) filed August 22, 2006.  Defendant urges the Court to dismiss the complaint pursuant to Rule 12(b)(5), Fed. R. Civ. P., for insufficient service of process.  For reasons stated below, the Court finds that plaintiff has not sufficiently served defendant but grants plaintiff until **November 13, 2006** to obtain sufficient service of process.

## Legal Standards

Pursuant to Rule 12(b)(5), Fed. R. Civ. P., the Court may dismiss a complaint for insufficient service of process.  Examples of insufficient service include serving the wrong person or serving an individual not authorized to accept service for defendant.  See 2 James Wm. Moore, Moore's Federal Practice ¶ 12.33[4] at 12-54 (3d ed. 1997).  In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that she has satisfied

---

[1]       Plaintiff filed her first complaint on April 8, 2006, but did not serve it.  On August 3, 2006, plaintiff filed an amended complaint.  Both complaints named Boy Scouts of America as defendant.

statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendant.  See Bernard v. Husky Truck Stop, No. 93-2241-JWL, 1994 WL 171732, at *1 (D. Kan. Apr. 20, 1994), aff'd, 45 F.3d 439 (10th Cir. 1995).  The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt.  See id.

### Facts

In support of its motion, defendant presents affidavit testimony to the following facts:[2]

Boy Scouts of America ("Boy Scouts") is a corporation chartered by Congress and domiciled in the District of Columbia.  According to the Secretary of State, the registered agent in Kansas for Boy Scouts is Loren Swenson in Overland Park, Kansas.

Quivira Council, Boy Scouts of America, Inc. ("Quivira Council") is a Kansas not-for-profit corporation.  Quivira Council is affiliated with Boy Scouts, but is a separate corporate entity.  The registered corporate agent for Quivira Council is Fred Meijering in Wichita, Kansas.

Quivira Council employs Nancy Harrison as administrative assistant to Meijering in its Wichita, Kansas office.  Harrison is not an officer, manager, partner, managing agent or general agent of Quivira Council or Boy Scouts.  Harrison is not authorized or required by appointment or by law to receive service of process for Quivira Council or Boy Scouts.  Harrison does not have charge of the Quivira Council office in Wichita, Kansas.

On August 3, 2006, a man walked into the Quivira Council office in Wichita, Kansas, and asked for Meijering.  Harrison responded that Meijering was not in the office and asked if someone

---

[2]       Plaintiff presents no evidence to controvert defendant's factual allegations.  The Court does not consider any factual assertions which are not supported by affidavit or other documentary evidence.

else could help.  The man replied that he had a summons.  He looked at Harrison's name plate, wrote down her name and handed her an envelope.  The man did not ask Harrison her identity or whether she was authorized to accept service on behalf of Quivira Council or Boy Scouts.  Harrison did not represent that she had any such authorization.  At the time, Donna Boesker, Quivira Council controller, was present and in charge of the Quivira Council office.

### Analysis

Defendant contends that plaintiff has not obtained sufficient service of process, because she served the summons and complaint on Harrison, an administrative assistant for Quivira Council, a separate legal entity from Boy Scouts.  Plaintiff replies that she has substantially complied with the rules for service of process.

Rule 4(h), Fed. R. Civ. P., governs service of process upon corporations.  Under Rule 4(h)(1), plaintiff may effect service upon a corporation pursuant to the methods prescribed by Kansas law or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."  Rule 4(h)(1), Fed. R. Civ. P.  In addition to the methods prescribed by Rule 4(h)(1), Kansas law permits service upon a corporation by "leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof."  K.S.A. § 60-304(e).

Plaintiff contends that she has substantially complied with Kansas law regarding service of process.  K.S.A. § 60-204 provides that "in any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some

irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court."

Plaintiff asserts that she has satisfied Section 60-204 because Boy Scouts is aware of the suit and plaintiff had no way to know that Boy Scouts was a separate legal entity from Quivira Council.[3] In Briscoe v. Getto, 204 Kan. 254, 256-257, 462 P.2d 127,129 (1969), the Kansas Supreme Court, interpreting "substantial compliance," held that "[b]efore there can be a valid personal service of process there must be a substantial compliance with some method of process provided in K.S.A. 60-301 et seq.  It is only after substantial compliance that irregularities and omissions are cured by awareness of a pending proceeding."  The Kansas Supreme Court further noted as follows:

> [A]s we read the statute it seems clear that new methods of service were not anticipated.  There must first be substantial compliance with some statutory method of service.  Irregularities or omissions will then be ignored if the court finds that the party to be served was made aware that an action or proceeding was pending.

Id. at 257, 462 P.2d at 129.

Under Briscoe, the fact that Boy Scouts is aware of the suit is not enough to show substantial compliance.  Plaintiff must first show that she has substantially complied with some statutory method of service.  See id.  Here, plaintiff served the administrative assistant for the corporate agent of Quivira Council.  While such action might constitute substantial compliance with regard to

---

[3]     Specifically, plaintiff contends that (1) Boy Scouts is aware of the action; (2) she had no way to know that "an institution such as the Boy Scouts of America could be a series of independent incorporated organizations;" (3) the events which give rise to this cause of action took place at the Quivira Council office in Wichita; (4) she served the registered agent of Quivira Council; (5) she intends to seek leave to amend the complaint to name Quivira Council so that the action can continue with the proper party; and (6) the proper parties have notice of the lawsuit.  See Plaintiffs' [sic] Response To Defendants [sic] Motion To Dismiss (Doc. #7) filed September 13, 2006 at 6-7.  Plaintiff has not sought or received leave to amend her complaint.  The only issue before the Court is whether plaintiff has sufficiently served Boy Scouts of America.

service upon Quivira Council, see, e.g., Sellens v. Tel. Credit Union, 189 F.R.D. 461, 465 (D. Kan. 1999) (substantial compliance where plaintiff served secretary who said that she could accept summons and signed for it); Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475, 482 (D. Kan. 1994) (substantial compliance where plaintiff served bookkeeper with apparent charge of office), plaintiff points to no authority which supports that such action can constitute substantial compliance with regard to service upon Boy Scouts, a separate legal entity with whom Harrison had no employment or agency relationship. On this record, plaintiff has not shown that she has substantially complied with the statutory requirements for service of process.

Defendant urges the Court to dismiss the case because plaintiff did not obtain sufficient service within 120 days of filing her complaint. See Rule 4(m), Fed. R. Civ. P. Generally, when the Court finds that service is insufficient but curable, it should quash the service and give plaintiff an opportunity to re-serve defendant. See Gregory v. U.S. Bankr. Court, 942 F.2d 1498, 1500 (10th Cir. 1991). Accordingly, the Court quashes service. On or before **November 13, 2006**, plaintiff may re-serve Boy Scouts of America pursuant to Rule 4, Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss (Doc. #5) filed August 22, 2006 be and hereby is **OVERRULED.** The Court quashes service and grants plaintiff until **November 13, 2006**, to re-serve Boy Scouts of America pursuant to Rule 4, Fed. R. Civ. P.

Dated this 3rd day of November, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

-5-