IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBRA POPE,

        Plaintiff,

v.                                                                              Case No. 06-2130-KHV

BOY SCOUTS OF AMERICA,

        Defendant.

_____

## ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT

This matter comes before the court upon plaintiff's Motion for Leave to Amend Complaint (Doc. 12). Defendant Boy Scouts of America has filed a Response in Opposition to Plaintiff's Motion (Doc. 15). Plaintiff failed to file a reply and the time for doing so has expired. The court therefore deems this matter ripe for disposition.

**Relevant Factual Background**

Plaintiff filed her Complaint against "Boy Scouts of America" (Doc. 1) on April 8, 2006, and on August 3, 2006, plaintiff filed her First Amended Complaint (Doc. 3), also against Boy Scouts of America. While plaintiff named only "Boy Scouts of America" in her original Complaint, plaintiff referenced both "Boy Scouts of America" and an entity called, "Quivira Council" in her original Complaint.[1]

---

[1] *Compare* Plaintiff's Complaint (Doc. 1) at ¶¶ 1-2 (referring to "BSA" or Boy Scouts of America) *with* Plaintiff's Complaint (Doc. 1) at ¶¶ 13, 17 (referring to "the Quivira Council" or

Plaintiff first attempted to effect service of process by serving her summons and complaint on Nancy Harrison, an administrative assistant employed at Quivira Council, Boys Scouts of America Inc. – a separate legal entity from Boy Scouts of America. Subsequently, on August 22, 2006, Boy Scouts of America filed a Motion to Dismiss (Doc. 5) for failure to properly serve Boy Scouts of America. Judge Vratil overruled this motion on November 3, 2006, and gave plaintiff up to and including November 13, 2006, with which to properly serve the named defendant, Boy Scouts of America.[2] Plaintiff then served her summons and complaint via certified mail upon Fred Meijerling, who is the registered agent for Quivira Council, Boy Scouts of America, Inc., but who is not a registered agent for Boy Scouts of America. On November 16, 2006, defendant Boy Scouts of America filed a Second Motion to Dismiss (Doc. 13), contending that plaintiff had again failed to sufficiently serve the only named defendant in this case – Boy Scouts of America. That same day, on November 16, plaintiff filed the instant Motion for Leave to Amend Complaint (Doc. 15). Plaintiff attached her proposed Second Amended Complaint as an exhibit to her motion. The case caption of plaintiff's Motion for Leave to Amend Complaint and plaintiff's proposed Second Amended Complaint listed "Quivira Council, Boy Scouts of America, Inc." as the only named "defendant." Additionally, plaintiff stated in her motion:

> One of the contentions of the defendant was that Boy Scouts of America and Quivira Council Boy Scouts of America, Inc., are two different entities. For purposes of clarity, plaintiff wishes to amend her complaint to recognize this difference.

---

"Council").

[2]*See* Memorandum & Order overruling Motion to Dismiss (Doc. 10).

The court will now address the propriety of plaintiff's Motion for Leave to Amend Complaint (Doc. 15).

**Discussion**

Plaintiff moves to amend her complaint pursuant to Fed. R. Civ. P. 15(a). Defendant Boy Scouts of America has filed a response in opposition to plaintiff's motion. Specifically, defendant contends "[P]laintiff has failed, after two attempts, to sufficiently serve the only defendant currently named in this case, requiring dismissal of this lawsuit. That dismissal renders amendment of her complaint futile." For the reasons set forth below, the court disagrees with defendant and finds that amendment appears proper.

While plaintiff moves for leave to amend pursuant to Fed. R. Civ. P. 15(a), the court finds that an equally appropriate analysis of the propriety of plaintiff's amendment is pursuant to Fed. R. Civ. P. 15(c)(3) and its relation back principles. Fed. R. Civ. P 15(a) states in relevant part:

> "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[3]

Additionally, Rule 15(c)(3) states in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when...the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received notice such notice of the institution of the action that hte party will not be prejudiced in maintaining a defense on the merits, and (B) *knew or should have known that, but for a mistake concerning the*

---

[3] Fed. R. Civ. P. 15(a).

-3-

> *identity of the proper party, the action would have been brought against the party.* (emphasis added).

In this case, and upon a review of the record, defendant states[4] and the court agrees that it appears plaintiff is attempting to correct a misnomer in her Motion for Leave to Amend. Specifically, it appears the plaintiff seeks to substitute "Quivira Council, Boy Scouts of America" for the presently named defendant, "Boy Scouts of America." On this basis, defendant Boy Scouts of America objects to this substitution and contends, "The Court should deny this motion, because plaintiff has failed, after two attempts, to sufficiently serve the only defendant currently named in this case, requiring dismissal of this lawsuit. That dismissal renders amendment of her complaint futile." The court disagrees. Rather, the court finds that amendment and substitution of Quivira Council, Boy Scouts of America, Inc. for Boy Scouts of America is warranted under the circumstances of this case and pursuant to the Federal Rules of Civil Procedure. While plaintiff named "Boy Scouts of America" in her original Complaint, the court notes that plaintiff referenced both "Boy Scouts of America" and "Quivira Council" in her original Complaint.[5] Additionally, plaintiff evidenced an intent to serve Quivira Council as the proper defendant through first attempting to effect service by serving an administrative assistant at Quivira Council and second by mailing via certified mail the summons and complaint in this case to Fred Meijerling, Quivira Council's registered agent. Further, plaintiff presently lists

---

[4]Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. 15) at p. 1 ("Plaintiff has moved to amend her complaint to substitute Quivira Council, Boy Scouts of America, as the defendant.").

[5]*Compare* Plaintiff's Complaint (Doc. 1) at ¶¶ 1-2 (referring to "BSA" or Boy Scouts of America) *with* Plaintiff's Complaint (Doc. 1) at ¶¶ 13, 17 (referring to "the Quivira Council" or "Council").

"Quivira Council, Boy Scouts of America, Inc." as the named defendant in her Motion for Leave to Amend Complaint (Doc. 12) and in her proposed Second Amended Complaint whereas in her previous filings, plaintiff had listed "Boy Scouts of America" as defendant. Finally, plaintiff states in her Motion for Leave to Amend Complaint (Doc. 12):

> One of the contentions of the defendant was that Boy Scouts of America and Quivira Council Boy Scouts of America, Inc., are two different entities. For clarity, plaintiff wished to amend her complaint to recognize the difference. The Second Amended Complaint incorporates these changes.[6]

In other words, upon a review of the record, it appears abundantly clear to the court that plaintiff has all the while intended to name and serve "Quivira Council, Boy Scouts of America, Inc." as the defendant in this case and not the named defendant, Boy Scouts of America. Under these circumstances, amendment to correct this misnomer appears proper pursuant to Fed. R. Civ. P. 15(a) and (c). Pursuant to Rule 15(a), plaintiff's proposed amendment substituting Quivira Council for Boy Scouts of America does not appear to cause any undue delay, undue prejudice to the opposing party, bad faith, or futility.[7] With specific regard to futility, the court disagrees with defendant Boy Scouts of America's assertion that removing Boy Scouts of America as the defendant in this case and substituting Quivira Council is an event warranting dismissal of the "entire lawsuit" or an event that would "[render] amendment of her complaint futile." Rather, the court finds that this situation is expressly contemplated by Rule 15 (c)(3).

Moreover, pursuant to Rule 15(c)(3), it appears that Quivira Council had ample notice of this lawsuit – the earliest of which being plaintiff serving her summons and complaint on

---

[6] Plaintiff's Motion for Leave to Amend (Doc. 12) at p. 2.

[7] *Id.*

Quivira Council's administrative assistant Harrison, and the latest being plaintiff subsequently serving her summons and complaint on Fred Meijerling, Quivira Council's registered agent, via certified mail.  Therefore, it is this court's view that plaintiff's proposed amendment would be proper.

However, the court notes that this ruling shall not in any way prevent or otherwise preclude defendant Quivira Council, Boy Scouts of America, Inc. from asserting any number of valid defenses, affirmative or otherwise, in its Answer to plaintiff's Complaint.

Accordingly, the court will grant plaintiff's motion and direct the Clerk's Office to file plaintiff's Second Amended Complaint as a separate document in this case.  The court will further order plaintiff to serve a copy of the summons and her Second Amended Complaint upon defendant Quivira Council, Boy Scouts of America, Inc., within ten (10) days from entry of this order.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Doc. 12) is granted.  The Clerk's Office is directed to file plaintiff's Second Amended Complaint, attached as Exhibit 1 to Doc. 12, as a separate document in this case;

**IT IS FURTHER ORDERED** that plaintiff shall serve her summons and Second Amended Complaint upon Quivira Council, Boy Scouts of America, Inc., within ten (10) days of entry of this order.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge