IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBRA POPE,

                Plaintiff,

v.                                   Case No. 06-2130-KHV

QUIVIRA COUNCIL, BOY SCOUTS
OF AMERICA,

                Defendant.

## **ORDER**

      This matter comes before the court upon Defendant's Motion to Determine Wichita as Place of Trial (Doc. 38). Plaintiff filed a timely response (Doc. 40), to which defendant has replied (Doc. 42). Therefore**,** the issues are ripe for disposition.

**I.**      **Background**

      This case involves claims by plaintiff Debra Pope against defendant Quivira Council, Boy Scouts of America. The plaintiff's complaint asserts that she is entitled to recover upon the following theories: employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act (Title VII), 42 U.S.C. § 2000e *et seq.* ; violation of 42 U.S.C. § 1981; retaliation in violation of Title VII; retaliatory discharge in violation of Kansas common law (Doc. 1). Plaintiff filed this case on April 8, 2006, designating Kansas City as the place of trial. Defendant requests that trial in this case be held in Wichita, Kansas, based on the fact that the parties, numerous witnesses, and counsel for all parties reside in or around Wichita. Plaintiff contends that her choice of forum should be given deference.

## II. Legal Standard

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." While the court recognizes Kansas comprises only one judicial district, the statute further provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."[2]

The party seeking transfer has the burden of proving that the existing forum is inconvenient.[3] Advancing the opportunity for a case-by-case review of convenience and fairness, Section 1404(a) affords a district court broad discretion in deciding a motion to transfer.[4] In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[5]

---

[1] *Aramburu v. The Boeing Company*, 896 F. Supp. 1063, 1064 (D. Kan. 1995).

[2] 28 U.S.C. § 1404(c).

[3] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[4] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[5] *Taher v. Wichita State Univ.*, No. 06-2131, 2007 U.S. Dist. LEXIS 29139, at *9 (D. Kan. Apr. 18, 2007). *See also Jones v. Wichita State Univ.*, No. 06-2132, 2007 U.S. Dist. LEXIS 29185, at *8 (D. Kan. Apr. 19, 2007).

**III.     Analysis**

    **A.     Plaintiff's Choice of Forum**

Defendant notes that plaintiff does not reside in Kansas City. Rather, she resides in Sedgwick County, Kansas, where defendant proposes to transfer the case for further proceedings. Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed.[6] But because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.[7] Although the Court considers plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so."[8] Therefore, the court gives less weight to plaintiff's choice of forum as she is not a resident of the Kansas City area.

    **B.     Convenience and Accessibility of the Witnesses**

When comparing the convenience and accessibility for witnesses testifying in Kansas City or Wichita, the court notes that Wichita is the more logical place for trial. As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most

---

[6] *Id.*

[7] *Spires v. Hospital Corp. of Am.*, No. 06-2137, 2006 U.S. Dist. LEXIS 37878, at *5-6 (D. Kan. June 8, 2006).

[8] *Id.* at *3.

important, factor to consider in deciding a motion to transfer.[9]  With this in mind, the Court notes that most, if not all, of the witnesses, parties, and attorneys reside in Wichita.  By contrast, none reside in Kansas City. With absolutely no connection to Kansas City, there is little difficulty in finding that Wichita is a more convenient forum for this case.

The court must find that Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient.[10]  This finding is easily met when considering the forum of Kansas City for all parties and their witnesses. This case involves plaintiff's employment at Quivira Council, Boy Scouts of America, Inc., an organization based in Wichita.  All witnesses, including the parties, and all sources of proof currently are located in Wichita.  Thus, witnesses and documentation will be much less accessible in Kansas City.  Further, all witnesses will be substantially inconvenienced if required to travel three hours one-way from Wichita to Kansas City to testify at trial.  Some witnesses may even be required to stay overnight.  Therefore, the court finds that the convenience and accessibility of witnesses weights in favor of conducting a trial in Wichita.

### C. Fair Trial

Plaintiff contends that it is unclear whether she may receive a fair trial in Wichita as defendant is an established employer with a reputation in Wichita.  Plaintiff requests she be allowed to scientifically test the community attitude and present the court with evidence regarding a fair trial.  Defendant counters that there are no obstacles to a fair trial in Wichita and

---

[9] *Id.* (citing *Meek & Associates, Inc., v. First Union Ins. Group, 99-2519-CM, 2001 U.S. Dist. LEXIS 555, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001)* (Convenience of the non-pary witnesses is the most important factor to be considered.").

[10]  *Taher*, 2007 U.S. Dist. LEXIS 29139, at *6.

that any concerns regarding a fair trial can be addressed during voir dire of prospective jurors. The court agrees with defendant's position as there are no facts that suggest an adequate jury pool cannot be found in Wichita.

### D.     Other Considerations

Defendant argues that all other considerations weigh in favor of a trial in Wichita. She asserts that trial in Wichita will minimize delays in calling witnesses, and thus make more efficient use of jurors' and court time. Defendant also argues that counsel for all parties is located in Wichita. Plaintiff notes that counsel for both plaintiff and defendant operate Kansas City law offices as well as Wichita offices.

The court agrees that trial in Wichita will minimize delays in calling witnesses, and thus make more efficient use of jurors' and court time. Any argument regarding convenience of counsel is given little weight, if any.[11]

The court notes that the district judge to whom this case currently is assigned is located in Kansas City; thus, the convenience of the court weighs in favor of a trial in Kansas City.

Considering all factors, the court finds that defendant has set forth a strong case for transfer. The court concludes that the balance of factors strongly outweighs plaintiff's choice of forum. Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion to Determine Wichita as Place of Trial (Doc. 38) is granted and from this date forward, the place of docketing, maintenance and trial of the above captioned case shall be in Wichita, Kansas.

---

[11] *See Aramburu,* 896 F. Supp. at 1063 (location of plaintiff's counsel in Topeka was not sufficient to support trying case in Topeka when witnesses and evidence were located in Wichita).

**IT IS SO ORDERED.**

Dated this 12th day of October, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
